## Alice Guinee, Defendant in Error, v. J. R. Prouty, Plaintiff in Error.

### Gen. No. 17,611.

1. LANDLORD AND TENANT—*evidence in trespass against lessor.*
In an action by a tenant against her landlord for trespass where
there is no evidence that she had the exclusive right to a lot be-
tween her building and that of the landlord, evidence that defend-
ant allowed scavengers to use the lot in pumping filth from a closet
on adjoining premises should not go to the jury, especially where
the assessing of punitive damages is permitted.

2. DAMAGES—*when proof of damage to household goods is im-
proper.* It is improper to permit damage to furniture to be shown
by what the owner paid for it and what she thought it was worth,
or without proof of what it cost to repair the damage to it.

3. DAMAGES—*excessive.* A verdict of eight hundred dollars in an
action by a tenant against her landlord for carelessly and wilfully
damaging her chattels will not be sustained where there is legal
evidence of less than one hundred dollars damages.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN
E. FRY, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1911. Reversed and remanded. Opinion filed
December 17, 1912.

JOHN J. POULTON, for plaintiff in error.

GRAHAM & ROWAN, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the
court.

The statement of claim alleged that defendant care-
lessly, wilfully and maliciously took off the roof and
sides of plaintiff's residence and boarding house, and
left them off for seven weeks, that he trespassed upon
her property, and harassed and annoyed her. She re-
covered a judgment for $800. We are asked to re-
verse it on the grounds that the verdict is excessive
and not warranted by the evidence, and we think the
complaint is well founded.

Much irrelevant and incompetent testimony, calcu-
lated to arouse the feelings of the jury and to induce
them to add exemplary damages to the actual damages
proven, was admitted over objections.

. Plaintiff was defendant's tenant from month to
month. She occupied a building in the front, and he
one in the rear of the same lot. No lease nor any other
evidence was introduced to show the extent of her
right, if any, or restrictions to defendant's right, to
use that portion of the lot between the buildings. Yet
one of the most aggravating acts by way of a trespass
relied on by plaintiff was that defendant allowed scav-
engers to use that portion of the lot in pumping filth
from a closet on adjoining premises. The stench
caused much annoyance, some injury and much ill feel-
ing. In the absence of proof that plaintiff had the ex-
clusive use of that part of the lot, it was error to let
this episode go before the jury, especially in a case
where they were told they could assess punitive dam-
ages.

Other very unsatisfactory evidence was admitted.-
Plaintiff was permitted, over objection of defendant, to
prove damages to certain articles of household furni-
ture, by telling what she had paid for them, and what
she thought they were then worth. She was permitted
to give the cost of a stove bought six years before,
but did not prove what it cost to repair the damage to
it. Other instances of improper testimony might be
recited.

It appears that her property was damaged while cer-
tain changes and repairs in the building were being
made under an arrangement therefor between her and
her landlord. But assuming that he was liable there-
for, there was legal evidence of less than $100 dam-
ages, and yet the jury assessed them at $800, mani-
festly influenced by many matters of the proverbial
"clothes-line" variety which came out in the trial, and
which, if material, in no event authorized the assess-
ment of such an amount.

We are reluctant to reverse a case in which there were two previous trials with verdicts for $500 and $750 in plaintiff's favor, but if the evidence then adduced was of the same character as that shown in this record, the action of the court in setting aside the verdicts may be easily understood.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*